## ADALINE COLLINS, Administratrix, Appellant, *v.* RESCARICK AYERS, Appellee.

### APPEAL FROM MORGAN.

Suits brought by foreign or domestic administrators, are alike subject to the same rules of pleading.

The statute authorizing foreign administrators to bring suit, regulates the mode of proof, when their fiduciary character is questioned.

An administrator, bringing suit, must plead his appointment with a profert, which should be questioned by a plea of *ne unques* administrator, otherwise he will not be required to make proof of his representative character.

By demanding oyer of the letters, and demurring to the declaration, a defendant may take advantage of a variance between the authority produced and the statement of it in the declaration. In this way a substantial defect on the face of the letters may be reached.

The certificates attached to an appointment of a foreign administrator, are matters of evidence. Their sufficiency may be tested on the trial of a suit, at which time another copy of the appointment in question may be read, if properly granted and authenticated.

When the representative character of an administrator is put in issue, he will be required to exhibit a copy of the letters of administration authenticated as the Act of Congress directs, together with the certificate of the proper officer, that the same were granted in pursuance of, and conformable to, the laws of the State in which they were granted.

THIS was an action of debt based upon a note and account.

The declaration is in the usual form, except that the plaintiff, being an administratrix of St. Louis county, State of Missouri,

Collins *v.* Ayers.

makes profert of her letters issued by the County Court of said county.

The defendant craved oyer of said letters, and filed a plea in abatement, setting out the letters and the certificates of authentication; and saying that said certificates were insufficient in not stating that the letters were granted in pursuance of the laws of the State of Missouri.

To this plea there was a demurrer, and the court sustained the demurrer and ordered the defendant to answer over.

The defendant then craved oyer of a certified copy of the letters of administration of said plaintiff, and of the certificates of authentication thereof, although no profert is made of any such documents. He then put in a plea in bar, setting out a paper called by him the letters of administration issued to the plaintiff, and several certificates thereto attached, and says that said plaintiff ought not to have and maintain this action, because this copy of said letters produced by him is not authenticated as required by the laws of the State of Illinois in this, that *it is not* certified that the letters were issued according to the laws of the State of Missouri. He also filed a plea of *nil debet*, and gave notice of special matter to be given in evidence under said plea, on a plea of general issue.

To this plea in bar there was a demurrer, and the demurrer was overruled by the court.

The plaintiff stood by her demurrer; and the court, (WOOD-SON, Judge, presiding,) at a special term, in November, 1851, of the Morgan Circuit Court, rendered a judgment against the plaintiff for costs, and that she be forever barred. The plaintiff appeals to this court, and assigns for error, the overruling of the demurrer and the sustaining of the plea, and the rendition of the judgment for defendant.

M. McCONNEL, for appellant.

A party suing as administrator, is not bound to do more than make profert of his letters of administration; and no certificate or other authentication need be stated. 1 Chit. Plead. 398, 399, 465, 469, 470, 739.

A defendant cannot crave oyer of a paper of which no profert is made, or of which a profert is made unnecessarily. 1 Id. 463, 465; 1 Saund. Rep. 9, 9 a, 9 b, 9 c, and notes.

Where a defendant wishes to take advantage of any misstatement or misdescription, by a plaintiff, of letters of administration, he must crave oyer of the letters, and then set them out, and state the variance or defect in the letters, not a defect in a certificate, of which no profert is made. 1 Chit. Plead. 465, 466.

The making of profert, and its objects and intention, are only to say to the Court, that the party will prove the allegations of his declaration; therefore, the opposite party cannot crave oyer of the tendered proof, and bring it before the court by plea, denying or contradicting the proof; but only by demurrer, admitting its truth, and denying its effects only. Gould's Plead. edition of 1824, p. 437, 438, 443, 444.

Is this a subject-matter of a plea in bar? A plea in bar must go to the merits of the case, and deny that the plaintiff has a cause of action. This plea must either deny that the plaintiff ever had a cause of action; or if he had, that, because of some new fact, said cause no longer exists. 1 Chit. Plead. 502, 503, 509.

This, perhaps, was intended for a plea of estoppel. This form of plea can only be put in under two states of case, — where the party against whom it is pleaded has done or admitted some fact, by his previous pleading in the case, that he is not permitted to deny; where some act has been done or suffered by the party against whom it is pleaded, whereby he is prevented from pleading any particular fact relied upon in his case. The act or thing here pleaded is neither of those said certificates of authentication, being first introduced by the defendant; and the thing pleaded not being an act done or suffered by the plaintiff. Stephen's Plead. 239, 240, 357, 399, 401, 402.

D. A. SMITH, for appellee.

TREAT, C. J. Adaline Collins, as administratrix of Charles Collins, brought an action of debt against Ayers. The declara-

tion was in debt, in a promissory note made by the defendant to the plaintiff's intestate. The plaintiff made profert of letters of administration, obtained in the State of Missouri. The defendant craved oyer of the letters, and pleaded, in abatement of the action, that it did not appear by the authentication thereof, that they were granted in pursuance of the laws of Missouri. The court sustained a demurrer to this plea. The defendant then craved oyer of the letters, and of the certificates of authentication of the same, and pleaded, in bar of the action, that it did not appear from said certificates that the letters were granted in pursuance of, and conformable to, the laws of Missouri. The court overruled a demurrer to this plea, and the defendant had judgment.

The only question presented by the assignment of errors relates to the sufficiency of the special plea in bar. The statute declares, " That, when any person or persons have obtained, or may obtain, administration on the estate of any intestate in any one of the United States or territory thereof, such person or persons shall be enabled to prosecute suits in any court in this State, in the same manner as if administration had been granted to such person or persons by virtue of the laws of this State. Provided, that such person or persons shall produce a copy of the letters of administration, authenticated in the manner which has been prescribed by the laws of Congress of the United States, for authenticating the records or judicial acts in any one State, in order to give them validity in the other States; and that such letters of administration had been granted in pursusance of, and agreeably to, the laws of the State or territory, in which such letters of administration were granted." Rev. Stat. p. 596, § 1. This provision authorizes foreign administrators to maintain suits in our courts. And such suits are subject to the same rules of pleading as actions brought by domestic administrators. If the course of the defence compels a foreign administrator to prove that he is such, the statute applies and regulates the manner and character of the proof. He must then produce a copy of the letters of administration, authenticated according to the law of Congress, and a certificate of the presiding officer of the court from which the letters issued, that the

same were granted in pursuance of, and agreeably to, the laws of the State or territory in which they were obtained. See Rev. Stat. p. 597, § 2. In other respects, the two classes of cases stand on the same footing.

Letters testamentary, and of administration, must be pleaded with a profert, when an executor or administrator is plaintiff. If a defendant intends to question the right of a plaintiff to sue in such a capacity, he must plead *ne unques* executor or administrator. If he fails to put the fact in issue, the plantiff will not be compelled on the trial to make any proof of his representative character. It is considered as admitted by the defendant. He may, however, by demanding oyer of the letters and demurring to the declaration, take advantage of any material variance between the letters produced on oyer, and the statement of them in the declaration. 1 Chit. Plead. 465. And he may, in the same mode, reach any substantial defect apparent on the face of the letters. Gould's Rep. 449.

In this case, profert was made of the letters of administration only. Indeed, the certificates attached to the letters were not the proper subject-matter of profert or oyer. They formed no part of the letters, but were evidence simply. It was not competent for the defendant to bring before the court, by plea, any question as to the sufficiency of these particular certificates. By putting in issue the right of the plaintiff to sue as administratrix, he might have compelled her to make strict proof of her representative character. And, in order to sustain such an issue on her part, she would be required to exhibit a copy of the letters of administration, authenticated as the act of Congress directs, together with a certificate of the proper officer, that the same were granted in pursuance of, and agreeably to, the laws of Missouri. But, in making such proof, she would not be compelled necessarily to use the certificates in question. She might introduce another copy of the letters of administration, properly certified and authenticated.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*