THE CHICAGO LEGAL NEWS COMPANY

*v.*

THOMAS R. BROWNE *et al.*

*Filed at Ottawa June 21, 1882.*

1. PRACTICE—*as to specific objection—and time—substitution of assignee in bankruptcy as plaintiff.* Where a defendant suffers the assignees in bankruptcy of the plaintiff to be substituted as parties in his stead, without objection or exception at the time, and proceeds afterward to plead to the merits and go to trial, he waives any irregularity there may have been in the substitution, and it will be too late for him to move for a discontinuance for that cause after the case has been remanded from the Appellate Court. Such an objection should have been specifically taken before the first trial on the merits.

2. PLEADING AND EVIDENCE—*representative capacity of plaintiff—how put in issue.* Where the plaintiff sues in a representative capacity, as administrator, for example, if the defendant would contest his right thus to sue, he must make denial of it by plea. The general issue in such case is a waiver of all exception to the person of the plaintiff.

3. LANDLORD AND TENANT—*breach of landlord's agreement as to character of use of other portions of building—to defeat a recovery of rent.* Where a landlord agrees with the tenant at the time of making the lease of a portion of a building that he will not lease any other part of such building for a saloon, or for saloon purposes, in consideration of which the lease is accepted, a subsequent leasing of a part of such building, before the term expires, for the excepted purpose, and permitting it to be used for that purpose, when the original tenant does not leave the premises demised to him, but enjoys them for the balance of the term, will not defeat a recovery of the rent from the prior tenant for the time such other part of the building was so improperly occupied and used. Such an agreement is not a condition precedent to the right to recover rent, and does not go to the entire consideration, but is to be taken as a stipulation, the breach of which only gives an action for damages to the lessee.

4. The rule is well settled that the wrongful act of the landlord does not debar him from a recovery of rent, unless the tenant, by such act, has been deprived in whole or in part of the possession, either actually or constructively, or the premises are rendered useless.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

Mr. FRANCIS H. KALES, for the appellant.

Mr. JAMES E. MUNROE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit, brought by Edmund L. Davison, as plaintiff, on the 26th day of December, 1877, against the Chicago Legal News Company, on two leases under seal, to recover certain rents alleged to be in arrear. On the 9th day of February, 1878, the defendant filed the plea of the general issue, and two special pleas of set-off, alleging that it had suffered damages to its property by reason of intoxication of its employés, caused by the sale of intoxicating liquors in another part of the same building, a portion of which was leased to defendant, which damages the defendant offered to set off against the claims of the plaintiff. On October 15, 1878, the bankruptcy of plaintiff was suggested upon the record by plaintiff's counsel, and on his motion leave was granted to make and substitute Thomas R. Browne and F. R. Neale, Jr., assignees in bankruptcy of said plaintiff, parties plaintiff in place of said bankrupt. Afterwards there were other pleadings by the defendant to the merits, and trial had upon issues joined, resulting in a verdict and judgment in favor of plaintiffs, which judgment, on appeal to the Appellate Court for the First District, was reversed for error in the instructions given to the jury for the plaintiffs, and the cause remanded. (5 Bradwell, 250.) After the redocketing of the cause in the circuit court, defendant moved for a discontinuance of the case, which motion was overruled and exception taken. Another trial was had, which resulted in a verdict and judgment for plaintiffs, and the judgment was affirmed by the Appellate Court, and appeal taken to this court.

The judgment of the Appellate Court is conclusive upon the controverted questions of fact, and but two questions of

law are presented upon the record for our determination. One is, that the circuit court improperly permitted the assignees in bankruptcy to become parties plaintiff by substitution.

It is said there is no statute of this State authorizing the substitution; that the act of Congress authorizing such a substitution in some cases (Rev. Stat. U. S., sec. 5047,) is not a rule of practice for State courts, and that even within the act of Congress no case was made for the substitution, as it does not appear that at the time of the commencement of the proceedings in bankruptcy this action was pending in the name of the bankrupt debtor, nor even that it was pending at the time of the adjudication in bankruptcy. It is insisted, there being no statutory authority for the substitution, that the rule of the common law must govern, by which a change of parties after suit brought could be effected only by a *scire facias*, and that the irregularity of failing to sue out the writ of *scire facias*, and thus omitting to tender any issue as to the bankruptcy of Davison, and the appointment of his assignees, operated as a discontinuance. The register's deed of assignment in bankruptcy to the assignees was introduced in evidence on the trial, and sec. 5049, Rev. Stat. U. S., makes this deed conclusive evidence of title in the assignees; but admission of the deed was excepted to, and it is insisted that it was improperly admitted in evidence, since there was no issue in the case warranting its introduction. It is enough to say that this question as to substitution can not here be raised, because there was no exception taken at the time to the action of the court. This suffering the substitution to be made without objection, and proceeding afterward by pleading to the merits and trial thereon, was a waiver of any irregularity there might have been in making the substitution. It was too late to move for the discontinuance for such cause after the case had been remanded to the circuit court from the Appellate Court. The objection should have been speci-

fically taken before the first trial on the merits. When the plaintiff sues in a representative capacity, as administrator for example, if the defendant would contest his right thus to sue, he must make denial of it by plea. The general issue is a waiver of all exceptions to the person of the plaintiff. *Ballance* v. *Frisby*, 2 Scam. 63; *Collins* v. *Ayers*, 13 Ill. 358; *Christian Society, etc.* v. *Macomber*, 3 Metc. 235.

The other question arises upon the refusal of the following instruction, which was asked by the defendant:

"If the jury believe, from the evidence, that Davison, the lessor of the defendants, by himself or his agents, at the time of the making of said first lease, agreed with said defendant that if said defendant would lease the said premises of said Davison, and enter into the said lease, dated the 1st day of December, 1874, and take the same, that said Davison would not let or lease any other part of the said premises or building for a saloon, or for saloon purposes; and that in consideration of such agreement as last aforesaid, the defendant did enter into and take said lease; and if the jury further believe, from the evidence, that thereafter, before said lease expired, said Davison, without the consent or acquiescence of the defendant, did let a part of said building for a saloon, and permitted the same to be used as such, then the jury are instructed that said plaintiffs can not recover for rent for the time said Davison permitted said premises to be let and used for the purposes of a saloon."

The defendant did not leave the demised premises, but remained therein and enjoyed them for the full term. We fail to perceive that the performance of the agreement supposed, not to lease any other part of the building for a saloon, was a condition precedent to a right of recovery of rent, as the instruction makes it. The agreement was not made such a condition in terms. It did not go to the whole of the consideration, in which case such an agreement has been read as

a condition.   It should be taken to be but a stipulation, the breach of which only gave an action for damages to the lessee.   (2 Parsons on Contracts, 527.)   It is but the amount of the damages from the violation of the agreement which defendant would be entitled to have, and as it might have been much less than the rent, it would be improper to instruct that there could be no recovery of rent for the time a part of the premises was leased contrary to the agreement.

The rule is well settled that the wrongful act of the landlord does not debar him from a recovery of rent, unless the tenant, by such act, has been deprived in whole or in part of the possession, either actually or constructively, or the premises rendered useless. *Edgerton* v. *Page*, 20 N. Y. 284; *Halligan* v. *Wade*, 21 Ill. 470; *Leadbeater* v. *Roth*, 25 id. 587.

Perceiving no error in the record, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*