## Naomi Humphreville and Erasmus D. Humphreville v. L. Billinger.

1. LANDLORD AND TENANT—*What Does Not Excuse from Paying Rent.*—A landlord built a staircase which cut off some of his tenant's light but the tenant continued to occupy the premises. *Held,* he was bound to pay rent.

Forcible Detainer.—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

THOMAS L. HUMPHREVILLE, attorney for appellants, contended that any act on the part of the landlord which disturbs the tenant's possession of the demised premises so as to deprive him or them of their beneficial enjoyment in whole, or in part, amounts to an eviction. Halligan v. Wade, 21 Ill. 470; Leadbeater v. Roth, 25 Ill. 487; Bentley v. Sill, 35 Ill. 414; Briggs v. Hall, 4 Leigh (Va.) 484.

A taking possession by the landlord of any part of the premises is an eviction which releases the tenant from any liability to pay rent even for such part of the premises as he may hold without disturbance. Smith v. Wise, 58 Ill. 141; Hayner v. Smith, 63 Ill. 430.

It is not necessary to prove that the landlord expressed or stated any intention to expel his tenants, or indeed that he should have any such intention himself; but the legal effect of his acts may be sufficient to show that would be the result, and therefore was the landlord's intention. Sher-

man v. Williams, 113 Mass. 481; Lynch v. Baldwin, 69 Ill. 210. Eviction, if occasioned by the acts of the landlord, forfeits the rent due, and suspends the right of the landlord to recover for non-payment of rent, so long as the tenant is deprived of either the possession or the beneficial enjoyment of the premises; in other words, eviction by landlord discharges the rent. Halligan v. Wade, 21 Ill. 470; Leadbeater v. Roth, 25 Ill. 587; Coburn v. Morrill, 117 Mass. 262; Upton v. Townsend, 84 Eng. C. L. 30. In such cases the tenant is under no legal obligation to pay rent if he continue to enjoy the premises. Anderson v. Chicago Ins. Co., 21 Ill. 601.

BURLEIGH A. DUNLAP and SPENCER WARD, attorneys for appellee, contended that there can not be a constructive eviction without a surrender of possession. Keating v. Springer, 146 Ill. 481.

A landlord will not be liable for obstructing his tenant's windows by building on the adjoining close, in the absence of any covenant or agreement in the lease forbidding him to do so. Keating v. Springer, 146 Ill. 481.

As long as tenant remains in possession of premises he must pay rent. If tenant deprived of beneficial use, he has the option of surrender or payment of rent. He has his remedy for any damage suffered by unlawful eviction. Keating v. Springer, 146 Ill. 481. The rule as laid down in Anderson v. Chicago Ins. Co., 21 Ill. 601, followed by Smith et ux. v. Wise, Stigleman & Co., 58 Ill. 144, was expressly modified by Supreme Court in Haynes et al. v. Smith et ux., 62 Ill. 431.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action of forcible detainer. Appellant offered upon the trial to show that since the letting, the landlord had built a stairway alongside of the rented premises, which cut off much light therefrom.

The evidence was properly excluded. Appellant con-

tinued to occupy the premises, and so doing, was bound to pay rent. Keating v. Springer, 146 Ill. 481.

The judgment for restitution rendered by the court is affirmed.