## Andrew G. McMullen v. Mary E. Moffitt.

1. CONTRACTS—*May Not be Varied by Parol Evidence.*—When both the amount of rent to be paid and the property rented are provided for in a lease it is proper to refuse to allow the defendant, in a suit for rent, to prove that he bought the furniture in the building leased, and that the plaintiff carried off part of such furniture and refused to return it.

2. EASEMENTS—*Light and Air.*—In a suit for rent the defendant can not set off damages claimed to have been sustained by the erection of a building on an adjoining lot by which light and air was cut off from the leased premises on the ground that such building was joined to a building on the leased premises by virtue of a party-wall agreement, as neither he nor his landlord had any property in the light and air.

3. PARTY WALLS—*Rights of Lessees in Contracts Concerning.*—An agreement to pay part of the cost of a party wall is personal to the party who constructs the wall and the right to recover for the value thereof, when the same is used by an adjoining part owner, does not pass to a lessee, but remains in such original owner.

**Transcript,** from a justice of the peace. Appeal from the Circuit Court of Henry County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

CHARLES K. LADD, attorney for appellant.

HAND & HAND, attorneys for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a suit originally commenced before a justice of the peace, by appellee against the appellant, to recover certain rent claimed to be due from appellant to her, for the

McMullen v. Moffitt.

use of "the hotel building known as Hotel Main, situate on Main street, in the village of Kewanee."

According to the provisions of the lease appellee was to keep the building in repair during the continuance of the lease, including any necessary repairs to the heating apparatus, and any necessary plumbing, except where the repairs were rendered necessary through the carelessness of appellant.

The party of the first part, appellee, was to do any repairing necessary to keep the building in presentable condition. The appurtenances included in the lease were the lot upon which the same was situated, and that portion of said building leased by Frank H. Davis. The consideration for the lease was a rent of $100 per month, payable at the end of each month during the continuance of the lease, which was to continue five years from March 8, 1894, the date upon which appellant took possession of the property.

This suit was commenced to recover $180 back rent, up to September 8, 1895, for portions due for December, January, June, July and August, for which amount judgment was rendered in appellee's favor in the justice court, which amount was reduced in the Circuit Court, on account of payments and offset, to $109.37.

The Circuit Court refused to allow items of set-off as follows: $3 for cleaning drain, and $1.50 for cleaning water closet, and $1.10 for hose.

In this we think the court committed no error, as the lease did not cover that class of expenses chargeable to appellee, the lessor. The expenditure was not for repairs, nor was it necessary to keep the rooms in the building in a presentable condition.

The court refused to allow evidence offered by appellant to prove that he bought the furniture in the hotel as a part of the consideration of the leasing, and that the appellee withheld and took away furniture and property belonging to appellant, when she went out of the house to let appellant in, and he claimed he should have credit for the value of the property so taken as against the rent claimed to be due.

We think the court committed no error in rejecting this testimony. It clearly would have been a violation of the rule of evidence forbidding a written instrument to be contradicted by parol evidence. It is insisted by appellant that to allow this evidence would only have been to have shown the true consideration of the lease, and that that would have been no violation of the rule. We do not so understand it. The consideration of the lease was the agreement to pay $100 per month, and the terms of the lease show what was intended to be granted.

It would have been as competent to contradict the lease and show by parol that $50 monthly was only to be paid as to show that a lot of furniture was conveyed in addition to the realty.

Both amount of rent to be paid and the property leased were provided for in the lease, and were a part of its terms and could not be contradicted by parol evidence.

Another point of defense attempted to be made by appellant was that the appellant was disturbed in a quiet enjoyment of a portion of the leased property, and that he was partly evicted from a portion of the premises by one Dickey, who held a contract for a party wall from the grantor of appellee prior to the time appellee became the owner of the hotel, the said Dickey owning the land north adjoining the hotel property, and that at the time of the lease Dickey was excavating and putting in a foundation and utilizing the said party wall for a building he was constructing upon his lot, and appellant knew he proposed to use the said party wall. Dickey utilized the party wall when he put up his building by cutting into it holes for the timbers of his building, and when he reached the window openings in the party wall he filled them up with a four-inch wall which stood entirely on his own part of the wall and upon his own ground. The appellee had nothing to do with the construction of the Dickey building, but received $250 from Dickey, due on the party-wall contract, of which she became assignee by her deed from Davis, her grantor.

On a hearing before the court, a jury being waived, ap-

McMullen v. Moffitt.

pellant offered to set off certain damages claimed to have been sustained by the erection of the Dickey building, by which light and air were cut off and the hotel made dark inside.

We can see no damage resulting to appellee arising from the party-wall contract. The light and air would have been cut off just the same if Dickey had put up his building without any party-wall contract, and the owner of the hotel building would have no cause of action against Dickey for shutting off his light and air.

One has no property in a prospect, nor in the light and air that passes across the land. An easement can not be claimed in incorporeal servitude of light and air, but even if such right could exist, there was no claim that the hotel building had any right to the light and air coming across the Dickey lot on the north by prescription, and it would appear that the doctrine of ancient lights, as held in England, is not in force in this State. Guest et al. v. Reynolds, 68 Ill. 478; Keating v. Springer, 146 Ill. 481.

There could have been no eviction of appellant from the enjoyment of any right that could possibly have been granted in the lease. He could not have been deceived into taking the lease on the supposition that there would be no party wall put up, because he knew of the easement and knew that Dickey was preparing to build. Even if a lease, as is contended, implies a warranty of quiet enjoyment and possession, such a warranty has in no way been violated in this case to the damage of appellant, and no warranty could be implied against the light and air being shut off by a building erected on the adjoining lot. The mere fact that there was a partition wall easement could in no way damage the appellant. The appellant was not entitled under his lease to any portion of the $250 received by the appellee from Dickey for the use of the partition wall.

It was not provided for nor contemplated in the lease, hence the refusal of the court to allow proof on the subject, or to allow any set-off on account thereof, was right.

Seeing no error in the record, the judgment of the court below is affirmed.