## Willis I. Saunders, Defendant in Error, v. John V. Fox, Plaintiff in Error.

### Gen. Nos. 17,246, 17,247.

1. LANDLORD AND TENANT—*eviction.* Only acts of a grave and permanent character, which amount to a clear indication of intention on the landlord's part to deprive the tenant of the enjoyment of the demised premises, constitute eviction.

2. LANDLORD AND TENANT—*waiver.* By retaining possession after a constructive eviction, a tenant waives a right of abandonment.

3. LANDLORD AND TENANT—*eviction.* Facts stated by a tenant to show actual eviction by being deprived of an easement on a lawn, which show at most a deprivation of the right to go on the lawn, the tenant still retaining and enjoying the easement of light and air, *held* an insufficient defense to an action for rent.

4. MUNICIPAL COURT—*jury trial.* Where an amended affidavit of merits is stricken from the files, and leave is not asked to file another, defendant is not entitled to trial by jury.

5. MUNICIPAL COURT—*amendment of affidavit of merits.* The filing of an amended affidavit of defense is an abandonment of the original affidavit.

6. DAMAGES—*assessment on default.* Where default is entered, and no request is made to have damages assessed by jury, defendant is not entitled to such assessment.

7. WORDS AND PHRASES—*"during."* An affidavit of merits stating that an eviction occurred "during the time" for which suit for rent is brought if held to mean "in the time," is insufficient.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed March 24, 1913. Rehearing denied and opinion modified April 7, 1913.

**Statement by the Court.** Plaintiff Saunders leased to defendant Fox by written lease for one year from May 1, 1910, at a rental of $70 per month, the house 510 Arlington Place, Chicago. Following the description of the demised premises in the lease is the provision: "together with the privilege of the use, for lawn purposes in common with the lessor, of the lawn East and adjoining said house except the East 50 feet of

said lawn, which said East 50 feet is not included herein, to be occupied for residence purposes only and for no other purpose whatever.''

Plaintiff brought two actions of the fourth class in the Municipal Court against defendant for instalments of rent under the lease; one for rent for May, June, July, August, September and October, the other for November, 1910. In each case plaintiff filed an affidavit of claim. The defendant filed in each case an affidavit of defense, which were held insufficient and stricken from the files and the defendant given leave to file amended affidavits of defense. He filed amended affidavits of defense, which were also held insufficient, and thereupon the court ordered in each case that judgment be entered against the defendant ''by default for want of such affidavit of merits, and entered judgment in each case for the amounts stated in the affidavits to be due in the affidavits of claim. Defendant then moved in each case to vacate the judgment and filed an affidavit in support of his motion. The motions were denied and the defendant sued out writs of error to review the judgments. The affidavit and amended affidavit of defense and the affidavit in support of the motion to vacate the judgment filed in each case are identical, and it will therefore only be necessary to consider the affidavits filed in one case.

ADLER & LEDERER, for plaintiff in error.

ROBERT S. ILES and ROBERT D. MARTIN, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The filing of an amended affidavit of defense was an abandonment of the original affidavit. Rule 17 of the Municipal Court provides that in cases of the fourth class where the affidavit of defense is stricken from the files for insufficiency the court may enter judg-

ment as in cases of default on the plaintiff's affidavit of claim. The contention of plaintiff in error that he was entitled to a trial by a jury, although his amended affidavit of defense had been sticken from the files and he did not ask leave to file another affidavit of defense, cannot be sustained. Neither was he entitled to a jury to assess damages, because he did not demand, after his default was entered, that the damages be assessed by a jury.

The amended affidavit states that the nature of the defense of the defendant to the suit is as follows: "A constructive eviction of part of the premises in question by which this defendant is excused from paying rent sued for, and that said constructive eviction occurred *during the time* for which said suit is brought, and this defendant says he was evicted from a part of the premises described in the lease between plaintiff and defendant under which said premises are held, and that said eviction occurred by the lawn east and adjoining said house, excepting the east fifty feet of said lawn, as described in said lease, being covered over and from which said lawn this defendant was barred and lost the use of during said time, because of the storing and placing upon said lawn of building material by the plaintiff, which said building material was used in the construction of a building adjoining said lawn; that defendant was by said acts prevented from enjoying a part of the premises leased to him under said lease, and the sidewalk and fence inclosing said lawn were demolished by the plaintiff, so that from all said acts defendant lost the enjoyment of said premises." The construction of the amended affidavit depends on the sense in which the word "during" was used in the affidavit. In the Century Dictionary the word is defined as follows: "In the time of; in the course of; throughout the continuance of." The connection in which an ambiguous word is used often determines its meaning as used. The affidavit states that the building material which it states was placed

on the lawn in question, "was used in the construction of a building adjoining said lawn." If so used, it certainly was not stored on the lawn throughout the time for which rent was claimed, and it would seem to follow that the affiant meant only to state that the material "was stored in the time" that the rent sued for accrued. Again, it is to be noticed that the affidavit states that "the eviction occurred" during the time "for which said suit is brought," not that the material was stored on the lawn, "during the time," etc. If the affidavit be held to mean that the material was stored on the lawn, "in the time" that the rent accrued, as we think it should be, it is clearly insufficient, for it is only "Acts of a grave and permanent character, which amount to a clear indication of intention on the landlord's part to deprive the tenant of the enjoyment of the demised premises which will constitute an eviction." Keating v. Springer, 146 Ill. 481, 495.

But waiving all technical objections to the amended affidavit, we think the facts therein stated do not constitute a defense to the action for rent. The lease gave to the defendant an easement in the lawn. He still retained and enjoyed the easement of light and air. At most he was deprived of the right to go on the lawn. The facts stated either in the amended affidavit or in the affidavit in support of the motion to vacate do not show an actual eviction, and the fact that defendant retained possession after an alleged constructive eviction is a waiver of the right of abandonment. Barrett v. Boddie, 158 Ill. 479; Keating v. Springer, *supra;* Chicago Legal News Co. v. Browne, 103 Ill. 317.

We think the court properly gave judgment for the plaintiff, and the judgment in each case is affirmed.

*Judgments affirmed.*