### 7050

### CONTOS & METRACAS v. JAMISON & MORRIS.

REAL PROPERTY—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—LESSOR AND LESSEE.—Contractors excavating for locating a wall are liable to the lessees of an adjoining building for damages caused to their goods by reason of the falling of the wall of the building occupied by them, proximately caused by their negligence in excavating. They might be excused from liabiltiy by the contributory negligence of the lessees, but not by the contributory negligence of the lessor.

Before HYDRICK, J., Greenville, July, 1907.    Reversed.

Action by Contos & Metracas against Jamison & Morris. From judgment for defendants, plaintiffs appeal.

*Messrs. Sirrine & Charles,* for appellants, cite: *As to the liability of joint tort feasors:* 6 Thomp. on Neg., par. 7435; Pom. Code Rem., sec. 208; 16 L. R. A., 331; 33 L. R. A., 50; 44 L. R. A., 484; 42 S. E., 818. *Liability of landlord to tenant:* 24 Ency., 414; 18 Ency., 224; 1 Thomp., sec. 1131.

*Messrs. B. A. Morgan, Cothran, Dean & Cothran,* contra, cite: *Opinion as to safety of wall proper:* 69 S. C., 104. *Landlord owed the tenant no duty to protect him from injury from others:* 18 Ency., 217; 33 Cal., 341; 2 Bosw.,

127; 20 Am. St. R., 650; 22 Cal., 341; Thomp. Neg., sec. 1135. *Defendants not liable here except upon proof of negligence:* 53 S. C., 503; 68 L. R. A., 683; 33 L. R. A., 50.

November 16, 1908. The opinion of the Court was delivered by

Mr. Justice Jones. The plaintiffs occupied a storeroom, known as 210 N. Main street, Greenville, S. C., as lessees of W. C. Gibson, owner. Defendant, Carrie V. Cauble, as guardian and agent, owned the lot adjacent to the south side and employed the defendants, Jamison & Morris, as contractors to erect certain buildings thereon. On August 8, 1908, while said contractors were excavating close to the south wall of the store occupied by plaintiffs, the wall collapsed and fell, destroying the goods and property of plaintiffs in their storeroom. This action was brought to recover damages, actual and punitive, for the destruction of their property, alleged to have resulted from the grossly negligent and reckless manner in which the work of excavating was done. A nonsuit was granted as to the Cauble defendants and they are now eliminated from the case. The defendants, Jamison & Morris, answered, setting up, besides a general denial, that plaintiffs and W. C. Gibson, the owner, had notice of the progress of the excavation and of the manner in which it was done and of the character of the soil, and made no objection to the progress and manner of the work, and did nothing to protect said wall, which negligence on their part contributed as a proximate cause to the injury. The suit resulted in a verdict and judgment for defendants.

The exceptions of plaintiffs-appellants to the admission of certain testimony do not require any extended notice and can not be sustained. The testimony referred to had been previously admitted without objection and had some relevancy to the question whether defendants were wantonly negligent.

The vital question raised by the appeal relates to the instruction given to the jury. The Court in giving certain instructions requested by defendants, and in declining to give certain instructions requested by plaintiffs, in the general charge and in the special charge, when the jury returned to the courtroom for further instructions on that point, impressed upon the jury that if the negligence of the owner, Gibson, was one of the proximate and efficient causes of the falling of the wall under the circumstances, the plaintiffs could not cover.

This, we think, was erroneous and prejudicial. The general law is well settled that a proprietor excavating on his own premises is liable for damages done to the adjacent owner's soil, if in its natural condition, whether damage results from negligence or not, but when buildings or other improvements are erected upon the soil and its natural condition is thus altered, no action lies against such excavator except upon allegation and proof of negligence. *Bailey* v. *Gray,* 53 S. C., 518, 31 S. E., 354. There was such allegation in this case and testimony tending to establish negligence proximately causing injury to plaintiffs' property. But under the charge, plaintiffs, as lessees, were denied right of recovery, if the landlord, Gibson's, negligence proximately contributed to the injury, thus imputing to the lessees the negligence of the lessor. No authority has been cited for such a view and we have found none. The Supreme Court of Indiana, in *Knightstown* v. *Musgrove,* 116 Ind., 121, approved in *Louisville etc. R. R. Co.* v. *Moses Creek,* 14 L. R. A., 733, 736, declares: "Before the concurrent negligence of a third person can be interposed to shield another, whose neglect of duty has occasioned an injury to one who was without personal fault, it must appear that the person injured and the one whose negligence contributed to the injury sustained such a relation to each other, in respect to the matter then in progress as that, in contemplation of law, the negligent act of the third person was, upon the principle of agency or cooperation in a

common or joint enterprise, the act of the person injured." In *Koplitz* v. *St. Paul,* 58 L. R. A., 75, the Supreme Court of Minnesota declared that "negligence in the conduct of another will not be imputed to a party if he neither authorized such conduct, nor participated therein, nor had the right or power to control it." These quotations are made the basis of the text in 29 Cyc., 542. In *Watson* v. *Southern Ry.,* 66 S. C., 50, 44 S. E., 375, this Court refused to impute to a child *non sui juris* the contributory negligence of the child's parent or guardian. There is nothing in the mere relation of lessor and lessee which should affect a lessee, without fault himself, with the negligence of the lessor. There is no agency nor cooperation in a common enterprise, nor power of lessee to control applicable here which should excuse the negligence of others. There is a privity between the lessee and the lessor in the lessee's right of possession, but such privity can not excuse the negligence of another whether combined with that of the lessor or not. The lessor, Gibson, is not a party in this case, and it was improper to confuse the case with the question of his contributory negligence. The question was, did the negligence of the defendants, Jamison & Morris, injure plaintiffs, as alleged, and if so, were the plaintiffs themselves guilty of contributory negligence, excusing the defendants from liability?

The judgment of the Circuit Court is reversed and the case remanded for a new trial.