16536

MOMEIER v. KOEBIG ET AL.
(66 S. E. (2d) 465)

*Messrs. Buist & Buist,* of Charleston, *for Appellant,*

*Messrs H. C. Bowman* and *A. R. McGowan,* of Charleston, *for Respondent,*

August 24, 1951.

BAKER, Chief Justice.

This action was brought by the respondent (plaintiff below), Momeier, a landowner, jointly against his neighboring landowner, Koebig, and a contractor, H. D. Ford doing business in the name of H. D. Ford Construction Company,

who drove piles for the foundation of structures being erected by the neighboring landowner, Koebig, upon his premises, for damages to a residence on respondent's adjacent lot resulting from the alleged negligent driving of the piling.

What is known as the Boulevard area of the City of Charleston consists of made land, this land having been made by the building of a concrete retaining wall around what was formerly marshland in the lower section of the City of Charleston, and the pumping in of mud and sand from the bottom of the Ashley River into the area behind the retaining wall.

Because of the type of land existing in this area, the ordinary and usual type of foundation used when a structure is being erected upon highland is insufficient to support structures thereon, and all persons erecting buildings on this land have piles driven into the ground as additional support for the foundations of the structures.

In the year 1935, respondent, the owner of property in this area, which property was bounded on the South by property later acquired by Koebig, erected two single unit family dwelling houses upon his property. The dwelling nearest to the Koebig property and approximately sixteen feet from the division line is the one alleged to have been damaged. In the erection of these dwellings, the respondent had piles driven to support the foundations of the two houses. No structures were erected on the property later acquired by Koebig until the year 1948, when he commenced the erection of a large dwelling house on his property, which was, as aforesaid, the southern boundary of respondent's property, the main dwelling house being erected in approximately the center of his lot. In addition he had erected a brick wall adjacent to his land lines around portions of his property, including his northern boundary line adjoining the property of respondent. Koebig did not employ a general contractor to erect the structure on his property, but certain

portions of the work, including the pile driving, were let on contract to third parties, and the appellant, H. D. Ford, undertook to do the pile driving under contract with Koebig. Lengthy piles were driven to support the main dwelling house, and shorter piles to support the brick wall, but in both instances the friction method of piling was used, whereby the piles are not of sufficient length to reach a hard strata of marl or other material, but the piles are designed to be held in place by the friction or suction of the filled in mud and sand pumped into the Boulevard area.

At the close of the plaintiff-respondent's testimony, a motion for nonsuit in behalf of the defendant, Koebig, was made on the ground that the defendant, Ford (the appellant here), was an independent contractor and solely responsible for any negligent damage to the plaintiff. A motion in behalf of both defendants was made on the ground that there was no proof of any actionable negligence in the case.

Both motions were refused, and immediately, without putting in any testimony for the defense, motions for a direction of verdict on identical grounds as the motions for nonsuit were made by the defendants. The trial Judge then directed a verdict in favor of the defendant Koebig, on the ground that there was no evidence of agency between him and the defendant Ford (the appellant here) but the motion in behalf of Ford was refused, and in the following language: "I am going to grant the motion for a directed verdict as to the Defendant Koebig. I am going to refuse the motion as to the Defendant Ford on the question of negligence, as I think there is enough evidence to go to the jury on the question of negligence."

Upon submission of the case to the jury, a verdict was returned in favor of the respondent against the appellant Ford in the sum of $2.078. When this verdict was published. the appellant moved for judgment notwithstanding the verdict, on the ground that there was no evidence of negligence

to go to the jury; and also moved for a new trial on the ground of excessive verdict, but the latter has been abandoned, the appellant relying solely on his position that there was no evidence of negligence. This motion was also refused.

The complaint in this action is based wholly on the alleged negligence of the appellant in the operation of the pile driver used to drive the pilings on which the foundation of the structures to be erected on the lot of Koebig would rest, the specifications of said alleged negligence being as follows:

"1. In operating the said pile driver in such a manner as to cause the earth to shake, tremble, and vibrate, without having due regard for the rights and property of other property owners in the immediate vicinity.

"2. In using so much force in driving the said piling as to cause the earth to tremble and shake and cause damage to the property of this plaintiff.

"3. In using more force than was necessary to drive the said pile and in so doing set up tremors in the earth, causing the same to vibrate and tremble to such an extent as to damage property of this plaintiff.

"4. In driving the said pile to a solid foundation deep in the earth and then continuing to drive the said pile after it had been set up in the solid foundation, causing the tremors and vibrations to shake the house of this plaintiff and damage the same."

The answer of appellant denied all of the alleged acts of negligence, and when the case was tried, it was upon the theory that it was necessary for the plaintiff-respondent to produce some testimony from which a reasonable inference could be drawn that the damage he suffered to his property was the result of negligence on the part of the defendant-appellant in at least one of the particulars alleged.

In the order of the trial Judge refusing the motion of the appellant for the direction of verdict in his behalf, notwithstanding the verdict of the jury, it appears for the first time

that the majority rule in the so-called *blasing cases* was considered as analogous to this case; and while the refusal of the motion was in part based on the holding by the trial Judge that while the issue was very close on the issue of negligence, he believed there was evidence in the case from which the jury might have reached the conclusion that the defendant (appellant) was negligent, he also apparently undertook to apply the alleged majority rule governing the so-called *blasting cases;* and the respondent relies strongly on this line of cases to sustain the judgment of the Court below.

We think it sufficient to state at this point that in our opinion the *blasting cases* are not analogous to the factual situation here, because the use of explosives is inherently dangerous to nearby property and pile driving is not. Moreover, the only blasting case in this state which has been called to our attention, *Harris v. Simon et al.,* 32 S. C. 593, 10 S. E. 1076, a memorandum opinion, apparently holds that even in this class of cases, proof of negligence is required to support a verdict for damages.

More nearly analogous to the situation here are the excavation or *lateral support cases.* But in this class of cases, it has been held in this state that while the soil, *in its natural condition,* cannot be lawfully injured by excavations made by the adjoining property owner on his own land, yet for injuries done to buildings or other improvements, liability therefor must rest on negligence. *Bailey v. Gray,* 53 S. C. 503, 518, 31 S. E. 354; *Contos & Metracas v. Jamison & Morris,* 81 S. C. 488, 490, 62 S. E. 867, 19 L. R. A., N. S., 498.

Assuming that there was a causal connection between the pile driving and some of the deterioration in the dwelling unit of the respondent nearest to the Koebig lot, yet the real issue now before the Court is whether there was any testimony adduced upon the trial of the case from which a reasonable inference can be drawn that the appellant, Ford, was negligent in the driving of these piles.

For proof of such negligence, the respondent relied on the testimony of his witness, Mr. E. G. Dotterer, a man who has been engaged in the business of engineering and contracting in the City and County of Charleston for twenty-five years, and who was experienced in the driving of piles in the area here involved.

It appears to us that the testimony of this witness rather than proving negligence on the part of appellant, actually disproves the existence of negligence. Briefly stated, this witness testified that it was necessary to drive piling to support the foundation of all structures erected in this area; that in driving piles in this area no attempt is made to drive them to a solid foundation, but that they are held in place and support the structures rested upon them by skin friction or pressure of the mud and sand upon them; that while various weight hammers are used in pile driving, and a hammer lighter than three thousand pounds can be used for sheet driving, a three thousand pound hammer, which was the weight hammer used by the appellant, Ford, was the lightest practical hammer which could have been used by him in this work, and that it was the weight hammer ordinarily used in driving piling; that either a drop hammer or a steam hammer could have been used, but that a drop hammer, which was not used, would have caused more vibration than a steam hammer, the type used.

Mr. Dotterer further testified that in the driving of piling in this area, the piles are not driven to hard strata as it would be necessary to go quite deep to do so; that in the driving of piles, one may hit some obstruction underground such as a log or a Confederate gunboat, but the only evidence that such may have occurred here is the testimony of a colored maid that on one occasion while the pile driver was being operated, the house alleged to have been injured shook and she heard a cracking of the house; that she was upstairs at the time and ran down, but did not leave the house as it stopped shaking. But this testimony in nowise

tends to prove the respondent's fourth specification of negligence that the appellant drove piles to a solid foundation and kept on pounding. It amounts to no more than to raise a conjecture that on this occasion the pile being driven possibly came in contact momentarily with some hidden unknown obstruction, and that the operator of the pile driver either forthwith stopped the operation of the hammer or that the obstruction was promptly dislodged.

Respondent emphasizes in his argument the doctrine in this state that the failure of a defendant to produce a material witness justifies the inference that such witness' testimony would have been unfavorable to the defendant. But this line of cases is inapplicable to the situation here because plaintiff-respondent's evidence established no burden of proof or duty to go forward with evidence on the part of the defendant-appellant.

We have studied the record in this case, and find it devoid of any evidence of negligence by the appellant in the pile driving operations here. Therefore, the Court below erred in refusing to grant the motions of the appellant, Ford, for a nonsuit, and for a direction of verdict in his behalf.

The judgment is reversed, and the case is remanded for the entry of judgment in favor of the appellant.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.