## Harmony Company v. Albert Rauch.

1. BURDEN OF PROOF—*Breach of Conditions in a Lease.*—In an action for rent where the defense is that the landlord failed to keep the provisions of the lease in relation to heating the premises, it is sufficient for the defendant to show only a breach of such provisions in order to maintain his defense, and not that for that reason he was obliged to vacate the premises.

2. POSSESSION—*Retention of Keys not Constructive Possession.*—The mere retention of keys where one claims to have been evicted from the premises, does not amount to a retaining of constructive possession of the premises. Such an act is a matter of evidence that does not amount to a presumption.

Assumpsit, for rent. Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the March term, 1896. Reversed and remanded. Opinion filed June 1, 1896.

ERNEST SAUNDERS, attorney for appellant; WILLIAM G. ERNST, of counsel.

BULKLEY, GRAY & MORE, attorneys for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellee recovered a judgment for $150 against the appellant for one month's rent of certain premises leased for

manufacturing purposes.  The lease was in writing and contained a provision that the appellee should keep the premises heated to a minimum of seventy degrees for ten hours each working day, and furnished with power equal to ten horse power on said days, for a term of two years commencing on January 1, 1892.

After occupying the premises for about twenty-one months the appellant vacated the premises because, as it claims, of the failure of appellee to keep his covenants concerning heat and power.

We refrain from discussing the merits of the controversy because of having to reverse the judgment for errors in the instructions given for appellee.

The first instruction, after stating the issue, proceeded thus (as shown by the abstract):

" Upon this issue, court instructs as matter of law, burden of proof on defendant, and unless defendant has proved by preponderance of evidence that plaintiff failed to furnish heat and power called for by lease, and for that reason defendant could not use premises and was therefore obliged to vacate same, and did for that reason vacate same, verdict should be for plaintiff for amount shown by evidence."

The instruction went altogether too far.  It was not incumbent on the defendant to show that because of the appellee's failure to furnish heat and power the appellant could not use the premises, and was obliged to vacate them.

The fifth and sixth instructions (as abstracted), were as follows :

" 5.   Court instructs the jury that, under terms of lease in evidence, plaintiff did not covenant to furnish heat and power upon national holidays, or during such periods as plaintiff was necessarily closed down for purpose of making repairs; and burden of proof is on defendant to prove, first, failure to furnish heat and power according to the terms of lease; second, that such failure to furnish heat and power was not upon national holidays or during periods when it became necessary to shut down to make repairs.

6.  Court instructs jury that, in order to justify defendant in abandoning premises described in lease in evidence, it must appear by preponderance of evidence that plaintiff refused to furnish heat and power as provided in lease, with intention of depriving defendant, as tenant, of enjoyment of premises, or of some part thereof; and unless you believe, from evidence, that act of plaintiff in not furnishing heat and power called for in lease—if you believe from evidence that such heat and power was not so furnished—was willful, and done with intention on his part that tenant should not continue to hold premises, and to thereby lose beneficial use of same, then, as matter of law, such act would not constitute eviction, and tenant would not be justified in abandoning premises."

As to the fifth instruction, the burden of proof was not upon the appellant to show that the failure to furnish heat and power was not during periods when it was necessary to shut down for repairs.

That was a subject peculiarly within the knowledge of the appellee, and was for him to prove in excuse of a shutting down that might be proved against him.

As to the sixth instruction, that unless the depriving of the appellant of heat and power was the willful and intentional act of the appellee for the purpose of driving appellant from the premises the appellant was not justified in abandoning the premises, does not state the law. What would or would not justify an abandonment did not depend upon the willful intention of the appellee to drive appellant out, but did depend upon what he did or neglected to do, the result of which might or might not justify an abandonment, quite irrespective of appellee's intention or willfulness.

Such acts or neglects, if arising from accident or inability, would as effectually justify abandonment as if they were willful and intentional.

There was also a technical error in the third instruction with reference to the effect of retaining the keys of leased premises.

The mere retention of keys where one claims to have been evicted from premises, does not amount to a retaining of constructive possession of the premises, any more than would a mere acceptance of the keys by the landlord, amount to a waiver by him of a claim for rent. Such an act is a matter of evidence, but does not of itself make a presumption of law.

It is probable that there are other errors in the instructions, but if so, that may be avoided on another trial. Those that we have pointed out are the most material ones, and because of them the judgment will be reversed and the cause remanded.