Mrs. Joseph H. Lawler, Plaintiff in Error, v. Robert McNamara, Defendant in Error.

Gen. No. 22,612.

LANDLORD AND TENANT, § 264*—*what constitutes constructive eviction.* Failure of a lessor to furnish heat in an apartment in accordance with the terms of the lease amounts to a constructive eviction, which justifies the lessee in abandoning the premises.

Error to the Municipal Court of Chicago; the Hon. JOSEPH SABATH, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed January 22, 1917.

JOSEPH H. LAWLER, for plaintiff in error.

WILLIAM F. PROPPER, for defendant in error.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

This is a suit in which the plaintiff is attempting to recover rent of an apartment leased by her under a written instrument to the defendant. The defense is failure of the lessor to comply with her contract to heat the apartment. Upon trial by a jury, verdict was returned favorable to the defendant. Upon this, judgment was entered which plaintiff seeks to have reversed.

The evidence shows that on September 4, 1915, the parties entered into a written lease whereby plaintiff leased to defendant a certain apartment of five rooms in an apartment building in Chicago, to be occupied by the lessee as his residence for a term fixed at two years from October 1, 1915, at a rental of forty dollars per month payable in advance on the first day of each month. The lease required the lessor among other things to furnish heat "at all reasonable hours during

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

each day and evening, from October 1 to May 1 of each winter term.'' The defendant moved into the premises and occupied the same from about the 1st day of October, 1915, until late in January, 1916, paying the rent for this period.

From the evidence the jury could properly find that during the months of December, 1915, and January, 1916, the lessor failed to furnish sufficient heat to keep the apartment habitable; often a temperature of between 40 and 50 degrees was maintained. Numerous complaints were made to the lessor's agent but the conditions were not remedied. As a consequence the tenant vacated the apartment late in January, 1916. Plaintiff brought this suit to recover rent for the months of February and March.

It is now the well-settled law that failure of a landlord to furnish heat in an apartment in accordance with the terms of the lease amounts to a constructive eviction, which justifies the tenant in abandoning the premises. Among the many cases so holding are *Harmony Co. v. Rauch,* 64 Ill. App. 386; *Filkins v. Steele,* 124 Iowa 742; *Minneapolis Co-operative Co. v. Williamson,* 51 Minn. 53; *Tallman v. Murphy,* 120 N. Y. 345. We approve and adopt the expression of the court in the opinion in *Barnard Realty Co. v. Bonwit,* 155 N. Y. App. Div. 182, 139 N. Y. Supp. 1050:

''Very large numbers of people live in tenement houses, apartment houses and apartment hotels * * *. Such tenants have, and can have, control only of the inside of their own limited demised premises. Conditions unknown to the ancient common law are thus created. This requires elasticity in the application of the principles thereof. An intolerable condition, which the tenant neither causes nor can remedy, seems to me warrants the application of the doctrine of constructive eviction.''

Errors in rulings on evidence and instructions to the jury, if any, are not of sufficient importance to re-

quire a reversal. The uncontradicted evidence in the record is sufficient to support the verdict and judgment. The judgment is affirmed.

*Affirmed.*