MAY TERM, 1921.       629

General Indus., etc., Co. *v.* Am. Garment Co.—76 Ind. App. 629.

GENERAL INDUSTRIAL AND MANUFACTURING COMPANY *v.* AMERICAN GARMENT COMPANY.

[No. 10,384. Filed October 14, 1920. Rehearing denied February 2, 1921. Transfer denied November 15, 1921.]

1. PLEADING.—*Answer.—Sufficiency on Demurrer.—Conclusion of Law.*—In an action for rent, in the absence of a motion to make more specific an allegation in an answer that "defendant was evicted by plaintiff from all of the premises" was sufficient to withstand demurrer, where the only contention was that such allegation was a conclusion of law and not a statement of fact. p. 631.

2. LANDLORD AND TENANT.—*Agreement to Furnish Heat for Leased Premises.—Breach.—Constructive Eviction.*—Where a landlord fails to perform an agreement in the lease to furnish heat for the premises, so that the tenant was prevented from having the comfortable use and enjoyment of the premises, the landlord cannot complain because of abandonment by the tenant and its refusal to make further payment of rent, as the failure to furnish heat may constitute a constructive eviction. p. 631.

3. LANDLORD AND TENANT.—*Lease Agreement to Furnish Heat.—Breach.—Election to Vacate.—Time for Making.*—Where a landlord leased a building with an agreement to furnish heat, a tenant, which conducted a manufacturing business on the premises in which more than 150 persons were employed, was not bound immediately upon the first failure or neglect to furnish heat to make its election whether it would surrender the premises, but was required to do so within a reasonable time thereafter in order to avoid liability for payment of rent. p. 632.

4. LANDLORD AND TENANT.—*Lease Agreement to Furnish Heat.—Breach.—Vacation of Premises.—Reasonable Time.*—Where tenant gave notice of its intention to vacate because of the landlord's breach of agreement in lease to furnish heat, and, as soon thereafter as it was able to procure a suitable location, vacated the premises, the fact that it did not move until the month of May, when, because of warm weather, it was not neccesary to move because of failure to furnish heat, would not justify a holding, as a matter of law, that there was no failure on the part of the landlord to furnish the necessary heat, the landlord having made no effort during the winter months to remedy the defect, if any, in the heating apparatus; but whether the act of the landlord in failing to furnish heat amounted to an eviction, and whether the tenant vacated the premises within a reasonable time were questions of fact. p. 633.

From Marion Superior Court (101,640); *W. W. Thornton*, Judge.

Action by the General Industrial and Manufacturing Company against the American Garment Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Smith, Remster, Hornbrook & Smith*, for appellant.
*Elmer E. Stevenson*, for appellee.

McMAHAN, C. J.—Complaint by appellant against appellee for rent. Appellee answered by an answer in four paragraphs, first, general denial, second, eviction. The third and fourth paragraphs specifically allege that under the terms of the lease between appellant and appellee, appellant was required to properly heat the demised premises which were on the fourth floor of a building owned by appellant; that other tenants also occupied space on the fourth floor, appellant retaining the control and management over the whole of the building, including halls and stairways; that appellant permitted the halls and stairways to be and become dirty, and in a filthy condition so that the premises were for that reason untenantable; that appellant allowed the roof over the premises occupied by appellee to become out of repair so that snow and water leaked through from the outside, rendering said premises untenantable; that by reason of the acts of appellant in permitting said premises to become dirty and unclean, and in permitting the roof to become out of repair and in failing to furnish the necessary and proper heat, appellee was compelled to and did vacate the premises. From a judgment in favor of appellee, appellant prosecutes this appeal, and by the assignment of error challenges the action of the court in overruling its demurrer to the second, third and fourth paragraphs of answer, and in overruling its motion for a new trial.

In the absence of a motion to make more specific the allegation in the second paragraph of answer that "defendant was evicted by the plaintiff from all of the premises" is sufficient to withstand a demurrer where the only contention is that the allegation that defendant was evicted is a conclusion of law and not a statement of fact.

1.

The main objection urged to the third and fourth paragraphs of answer is that at the time appellee vacated the premises, the cause which it claims necessitated the vacation of the premises had ceased to exist. The answers allege that during the months of January, February, March and April, 1914, the appellant failed and neglected to furnish the necessary heat in order to make the premises habitable; that on one or more occasions during said months appellee complained to appellant about its failure to furnish the necessary heat and that about March 1, 1914, notified appellant that because of appellant's failure to furnish the necessary heat appellee would vacate said premises, as soon as appellee could find a suitable place wherein it could carry on its business. That appellee was unable to find any location suitable for its business, and which could be prepared for the installation of its machinery before the last of May, 1914, and that it did as soon as possible and prior to May 31, 1914, vacate the premises mentioned in the complaint.

Appellee occupied a part of the building under lease for a term of years. The rooms are designed to be heated by steam, and the lease provided that such heat should be furnished by appellant. Appellee in the third and fourth paragraphs of answer relies upon the special defense that it was compelled to vacate the premises owing to the failure upon the part of appellant to furnish sufficient heat to make the leased premises habitable. The agreement to furnish heat

2.

was part of the contract of lease and if appellant failed to perform its agreement in such respect so that appellee was prevented from having the comfortable use and enjoyment of the premises, it is in no position to complain because of the abandonment by appellee and its refusal to make further payment of rent. *Piper* v. *Fletcher* (1901), 115 Iowa 263, 88 N. W. 380.

As said by the Supreme Court in *Talbott* v. *English* (1901), 156 Ind. 299, 59 N. E. 857: "Eviction is either actual or constructive, actual when the tenant is deprived of the occupancy of some part of the demised premises, and constructive when the lessor, without intending to oust the lessee, does an act by which the latter is deprived of the beneficial enjoyment of some part of the premises, in which case the tenant has his right of election, to quit, and avoid the lease and rent, or abide the wrong and seek his remedy in an action for the trespass. But in every case of constructive eviction the tenant must quit the premises if he would relieve himself from liability to pay rent; and whether or not he is justifiable in so quitting is a question of fact for the jury."

Both of said paragraphs of answer allege that the rented premises were used by appellee as a manufacturing establishment; that it occupied said premises with its employes, machinery and material for the manufacture of women's garments by machinery and by hand; and that appellee at all times employed in its said factory from 150 to 200 persons.

Appellant's main contention is that neither the third nor the fourth paragraph alleges facts sufficient to show that at the time when appellee vacated the premises there was any failure on the part of appellant to furnish the necessary heat and that appellee by continuing to remain in possession of the leased premises during the latter part of April and May

waived its rights to claim an eviction. We cannot agree with this contention. The answers specifically allege facts sufficient to amount to a constructive eviction and that appellee seasonably notified appellant of its intention to vacate the property, and that as soon thereafter as it was able to find a suitable location it vacated the property.

We hold that under the facts appellee vacated the property within a reasonable time after the alleged eviction. The heating of the building was a neglect of duty on the part of appellant. It was not necessarily and always the same, but depended upon the daily conduct of appellant and its servants. The extent of the inconvenience which would be suffered therefrom could not be anticipated with certainty, for the neglect from day to day in the future could not be known, hence it cannot be said that appellee was bound immediately on the occurrence of the first failure or neglect to heat the building to make its election whether it would surrender the premises, but it was required to do so within a reasonable time thereafter. The fact that it was warm weather at the time when appellee actually vacated the premises will not avail appellant inasmuch as such condition was not brought about by any act of appellant. There was no error in overruling the demurrer to either paragraph of answer.

Appellant insists that the finding of the court is not sustained by sufficient evidence and that it is contrary to law on the theory that appellee did not vacate the premises until after the conditions which it claims justified its removal had ceased to exist. The evidence is voluminous and is ample to sustain the finding that the appellant failed to furnish sufficient heat and that appellee vacated the premises within a reasonable time after such failure. Appellant made no effort during the winter months to remedy the defect,

if any, in the heating apparatus, but insists that at the time when appellee vacated the premises there was no failure to furnish the necessary heat. The weather being warm at that time will not justify us in holding as a matter of law that there was no failure on the part of appellant to furnish the necessary heat. Whether the act of appellant in failing to furnish heat amounted to an eviction, and whether appellee vacated the premises within a reasonable time were questions of fact to be determined by the court.

Complaint is also made that the court erred in admitting and excluding certain evidence. Without entering into a discussion of each separate exception, it is sufficient to say that in some instances the witnesses had already testified as to the facts sought to be proved. In other instances the objections were not specific or the recital of the evidence fails to show anything on the subject.

We have examined each question presented by appellant relative to the admission or rejection of evidence and find no reversible error in overruling the motion for a new trial.

Judgment affirmed.