## C. O. Kinn, Appellant, v. Otto P. Slyde, Appellee.

### Gen. No. 31,870.

1. LANDLORD AND TENANT—*when failure to heat premises relieves from rent payment.* A tenant may refuse rent payments if he vacates the premises upon the landlord failing to furnish the heat required by the lease.

2. LANDLORD AND TENANT—*requisites of constructive eviction.* There cannot be a constructive eviction without surrender of the premises.

3. LANDLORD AND TENANT—*how right to refuse rent payments waived.* A tenant waives his right to refuse rent payments for a landlord's failure to furnish heat required by a lease if he neglects to surrender possession of the premises within a reasonable time after the breach.

4. LANDLORD AND TENANT—*when tenant's waiver of right to refuse rent is law question.* Though generally a fact question, whether a tenant vacated premises by reason of the landlord's failure to heat them early enough to entitle him to refuse to pay rent is a law question if all reasonable minds reach the conclusion the time taken was unreasonable.

5. LANDLORD AND TENANT—*what tenant must prove to escape rent payment.* The burden is on the tenant to show in an action against him for rent the failure of the landlord to furnish the heat required by the lease and his own due diligence in thereupon vacating the premises.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. WILLIAM E. VINER, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1927. Reversed and remanded. Opinion filed October 10, 1927.

CHARLES H. HAVARD, for appellant; W. P. QUINBY, of counsel.

No appearance for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff, the landlord, obtained a judgment by confession against the defendant for $103.50 for rent claimed to be due under the terms of a written lease for the month of April, 1925. Afterwards the judgment was opened on motion of the defendant and he was given leave to defend. He filed his affidavit of merits and the cause was heard before the court without a jury. There was a finding and judgment in defendant's favor and plaintiff appeals.

The record discloses that the defendant was a tenant under a written lease covering a period from May 1, 1924, to April 30, 1925. The lease was for an apart-

ment in a building which consisted of 60 apartments. On March 19, 1925, the defendant moved out and paid his rent to April 1, 1925. His claim is that he is not liable for the month of April because he was constructively evicted from the premises by the landlord.

The defendant in his affidavit of merits set up, *inter alia,* that the landlord did not furnish hot water as the lease required, but that he was compelled to heat his own water; that several times during November, December and January he took the temperature of the apartment with a thermometer and that the heat was as low as 48 and 50 degrees; that because of the coldness of the apartment defendant's wife became ill and could no longer live in the apartment; that he frequently called the matter to the attention of plaintiff and his agent and gave a written notice by registered mail that he was moving from the apartment because of the lack of heat and hot water.

Defendant testified on the trial that during the months of November, December, January and February the apartment was so cold that he and his wife had to sit around in the evening with their wraps and overcoats on to keep comfortable; that the temperature as shown by the thermometer was as low as 48 and 50 degrees during the coldest weather in the months of November, December, January and February, and that he frequently advised plaintiff and his agent of this condition but without result. Defendant then offered in evidence written memoranda showing the temperature of the apartment on December 13, 21, 22 and 30, January 12 and 13, February 25 and March 7, the latter showing the temperature at 10 o'clock p. m. was 59 degrees.

One Hart testified on behalf of the defendant that he visited the defendant at the apartment in the months of December, January and February and stayed all night, and that on some occasions it was so cold that they had to put their wraps on to keep warm.

In rebuttal plaintiff's agent testified that the defendant had made complaints of lack of heat in the months of December, January and February, but that no attention was paid to them because he considered the defendant a trouble-maker; that he was the only tenant in the building that made any complaint on the ground of lack of heat; that the heating system in the building was known as the automatic vacuum system, having two large oversized Herbert boilers; that there was a maintenance man at the building who was known as a trouble-man, to remedy matters in case anything was found wrong.

It will be noticed, from the evidence, that no witness testified that any complaint had been made on account of the lack of heat during the month of March, but the testimony covers only November, December, January and February. The only mention made of March appears in the memoranda taken by the defendant, which indicated that on March 7 the temperature in the apartment was 59 degrees at 10 o'clock p. m.

Under the evidence in the record we are of the opinion that if the court believed the testimony of the defendant, the court would be warranted in holding that the defendant might legally have vacated the premises during the months of November, December, January and February, but defendant did not vacate during these months. The evidence as to the temperature of the apartment in March is very meager.

The law has long been firmly established in this State that a tenant may abandon the premises where the landlord fails to furnish heat as required by the lease. *Lawler v. McNamara,* 203 Ill. App. 285. But to relieve the tenant from the payment of rent he must vacate the premises. There cannot be a constructive eviction without surrender of the premises. *Keating v. Springer,* 146 Ill. 481. It is also the law that where a tenant fails to surrender possession after the commission of acts by the landlord which would justify

the tenant in abandoning the premises, he will be deemed to have waived such right and will be liable for the rent at least during the time he occupies the premises. It is also the law that where the landlord fails to furnish heat as required by the lease and the temperature is such that the tenant would be warranted in vacating the premises, the tenant is not obliged to vacate at once, but is entitled to a reasonable time after such breach; and what is a reasonable time is generally a question of fact. *Hartenbauer v. Brumbaugh,* 220 Ill. App. 326; 36 C. J. 324; *New York State Investing Co. v. Woolf,* 84 Misc. 66, 145 N. Y. S. 945; Wood on Landlord and Tenant, p. 800; *General Industrial & Manufacturing Co. v. American Garment Co.,* 76 Ind. App. 629; *Minneapolis Co-Operative Co. v. Williamson,* 51 Minn. 53. And while it is generally a question of fact whether the tenant vacated the premises within a reasonable time after breach by the landlord, yet such question may be a question of law where all reasonable minds reach the conclusion that the time was unreasonable.

In the instant case plaintiff having occupied the premises for the months of November, December, January and February, and having paid rent for those months, he waived any right to vacate the premises on account of lack of heat during those months (*Keating v. Springer, supra*), but not for subsequent breaches. *Vintaloro v. Pappas,* 228 Ill. App. 182, same case affirmed 310 Ill. 115. And as stated the evidence as to the temperature of the apartment in March is most meager. There is no evidence at all that the defendant after the 7th of March did anything towards securing another apartment or some other place as a residence, except the fact that he moved out on the 19th of that month. Whether the defendant was warranted in vacating the apartment during the month of March, and whether he acted with that diligence which the law requires, we are unable to say because there

is no evidence on these points. The burden was upon defendant to make such showing, and he having failed to do so, the judgment of the municipal court of Chicago is reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT, P. J., and McSURELY, J., concur.