John C. Allmon and Fern Allmon, Appellees, v. Rose Davis, Appellant.

Gen. No. 32,551.

Opinion filed April 9, 1928.

SISSMAN & SISSMAN, for appellant; JESSE G. SISSMAN, of counsel.

CHAMBERS & COCHRAN, for appellees; OLIVER J. CHAMBERS, of counsel.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This litigation grows out of a written lease executed between the parties on August 15, 1925, by the terms of which Rose Davis demised to John C. and Fern Allmon the premises known as the first and second apartments of 3108 West Madison street, Chicago, for

a term beginning on that day and ending April 30, 1928, at a rental of $100 a month. The lease contained a provision authorizing the confession of judgment for any rent that might become due. It also contained a provision that the lessor agreed to hire a reputable concern to exterminate any rodents should the lessees desire it; that certain repairs and remodeling upon the building should be done by the lessor.

The lease further provided that $300 was to be deposited with the lessor for the faithful performance of the lease, and that if any of the covenants of the lease should be broken by the lessees the $300 should be forfeited by them, but that at no time should this money be used except for payment of rent for the last three months of the lease. The lessor also agreed to pay interest upon this deposit at 6 per cent per annum.

August 18 the lessees went into possession and remained in possession during the remainder of August and the month of September, when they vacated and abandoned them. On October 17 they sued the lessor demanding the return of the money deposited. On October 20 the lessor caused a confession of judgment to be entered against the lessees in the municipal court of Chicago for $120 on account of rent claimed to be due. The two causes were consolidated and heard together by the court without a jury. There was a finding in favor of the lessees, John C. and Fern Allmon, and against Rose Davis, in the sum of $392.95, upon which the court entered judgment.

Mrs. Davis contends in this court that the finding of the court is against the manifest weight of the evidence, but the argument and authorities cited all seem to be based upon the theory that on the uncontradicted evidence the plaintiff tenants were not entitled to recover. It is urged upon the authority of *Wright v. Lattin,* 38 Ill. 293; *Rubens v. Hill,* 213 Ill. 523, 535, that since the lease contained a covenant to repair and the tenants went into possession, they could not aban-

don the premises for breach of any covenant other than quiet enjoyment, and that the failure to repair in this instance did not amount to such a breach. However, we do not deem it necessary to decide that point on this record.

The lease in evidence shows that the premises were demised to the tenants to be used as a dwelling, and the uncontradicted evidence shows that in the condition in which the premises were it was impossible to obtain water for personal or other use. Mrs. Allmon testified that she could not rent a room; that the men could not take a bath; that the tenants could not keep themselves clean, and that such were the conditions at the time they moved out. A witness, a carpenter who had made repairs upon the premises in the way of remodeling, testified: "I think the plumbing itself was in fair mechanical order, but no water pressure at all. Tried the water pressure. There was none. Used a pump."

It is the duty of a landlord, as we understand it, to furnish to a tenant premises which may be used for the purpose for which they are leased, otherwise the object for which the contract is made entirely fails; and the later cases in this State seem to hold that it is immaterial that the landlord does not intend that result. In this great city, under circumstances which exist in the community, it would appear to be self-evident that an adequate supply of water is necessary in order to make premises used as a dwelling tenantable and habitable. The decision of the Supreme Court in *Gibbons v. Hoefeld,* 299 Ill. 455, and of the Appellate Court in *Sweeting v. Reining,* 235 Ill. App. 572, would seem to make the discussion of prior decisions from this State and from other States unnecessary.

We hold that on the evidence the court was justified in finding that there was a constructive eviction, in

finding for the plaintiffs and against the defendant, and in entering judgment.

The judgment is therefore affirmed.

*Affirmed.*

O'CONNOR and MCSURELY, JJ., concur.